LUCY A. BARRON and another, in equity, *vs.* EDGAR M. PAINE.

SAME *vs.* HOWARD F. WHITCOMB.

SAME *vs.* CHARLES C. LARRABEE.

SAME *vs.* SAMUEL L. TREAT, JUNIOR.

Hancock.    Opinion April 7, 1891.

*Corporation. Stockholder. Unpaid Stock. Mortgage Debt. Judgment. Pre- sumption. R. S., c. 48, § 47.*

By the statutes pertaining to corporations, stockholders who have not fully paid in their subscriptions for stock are liable to pay the deficiency to any creditors of the corporation who may institute proceedings to recover the same, excepting creditors whose claim consists of a mortgage debt of the corporation; *Held* : That an agreement of the corporation to pay a mortgage debt of another, does not make it a mortgage debt of its own. Its own debt is not secured by mortgage.

A judgment regularly obtained against a corporation is conclusive evidence of its indebtedness in a suit by one of its creditors against stockholders to recover the amount remaining unpaid upon their stock, unless it be shown that such judgment was procured by collusion or fraud.

A stockholder in a business corporation is presumed to continue to be a stockholder until the contrary is shown.

The correctness of the decision in *Burbank* v. *Gould*, 15 Maine, 118, questioned.

ON REPORT.

Bills in equity, heard on bills, answers and proofs, brought under R. S., c. 48, § § 44 to 48, to collect a judgment of the defendants as stockholders of the Bar Harbor Land Company, and which the plaintiffs had recovered against the corporation.

The material portions of the bill against the defendant, Paine, are as follows :

1.  That your complainants, under their writ dated September 7th, A. D. 1889, entered in the Supreme Judicial Court, holden at Ellsworth, within and for said County of Hancock, on the second Tuesday of October, A. D. 1889, recovered a lawful and *bona fide* judgment against the Bar Harbor Land Company, on the thirtieth day of January, A. D. 1890, for the sum of $3196.29 debt or damage, and $16.29 costs of suit, upon which said judgment execution was duly issued, dated January 31st, A. D. 1890, and placed in the hands of one William Fennelly, a deputy sheriff of the said County of Hancock, who, on March 8th, A. D. 1890, made return thereon, in substance, that after diligent search therefor he could find no property of said corporation in his precinct and he duly returned said execution in no part satisfied ; which said judgment was based upon a claim in contract against said Bar Harbor Land Company, in favor of your complainants, expressed and implied ; and that said judgment is still held by your complainants in full force and not satisfied, reversed or annulled.

2.  That said Bar Harbor Land Company is a corporation with a capital stock fixed at three hundred thousand dollars, divided into sixty thousand shares of the par value of five dollars each, organized, created and established under the laws of Maine, on the twenty-seventh day of May, A. D. 1887, and from then to and at the date of this bill duly existing and having an established place of business at said Bar Harbor.

3.  That your complainants are informed and believe that on a certain day, to wit, June fourth, A. D. 1887, the said Edgar M. Paine, under the name of Edgar Paine, subscribed for, agreed to take and did take stock in said corporation to a large amount, to wit:  one hundred shares ; that the said respondent has not paid for the stock so taken by him, either in cash or in any other matter or thing at a *bona fide* and fair valuation thereof, or made payment in any manner required by law. (Amended by striking out the words in the first and second

lines so as to read : "That, on the fourth day of June, A. D. 1887, said respondent subscribed for," &c.)

4.    That the cause of action, upon which the said judgment of the complainants against said corporation was founded, was contracted wholly during the ownership by the said respondent of his said stock.

5.    That the proceedings of the said complainants to obtain their said judgment against said corporation were commenced on the 7th day of September, A. D. 1889, as by the date of the writ above mentioned appears ; and that your complainants are informed and believe, (amended by inserting the words "and therefore allege,") that their said proceedings to obtain judgment were thus commenced during the ownership by the said respondent of his said shares of stock, or within one year after the transfer of such stock was recorded on the books of said corporation.

Wherefore your complainants believing that the respondent in the premises has become liable to pay said judgment and costs to the extent of his said unpaid stock, pray :

(1.)    That a subpœna in the usual form required issue unto the said Edgar M. Paine, commanding him to appear at a certain day and make full answer to this bill, but not under oath, answer under oath being hereby waived.

(2.)    That it may be ordered and decreed by this Honorable Court that the said respondent pay your complainants such sum as may be found justly due them in the premises, in such manner as to this Court may seem proper.

(3.)    That this Honorable Court may grant such other and further relief in the premises as may be necessary and proper.

Dated this 14th day of March, A. D. 1890.

LUCY A. BARRON,<br>GEORGE A. BARRON.

(Defendant's Answer.)

The answer of Edgar M. Paine, who says :

1.    That as to the allegations contained in paragraphs Nos. 1, 2, and 4, of the complainants' bill, the respondent has no

knowledge or information in the premises, and neither admits nor denies said allegations, but calls for proofs.

2. That on the date alleged, the respondent did agree to take and did take one hundred shares of the capital stock of said Bar Harbor Land Company; but that the respondent did pay for the same in cash at the rate of three and fifty-one hundredths dollars per share; in all paying to said company for said stock three hundred and fifty dollars in cash.

3. The respondent admits that the proceedings of the complainants to obtain their said judgment against said company were commenced on the seventh day of September, A. D. 1889, but avers that it is nowhere alleged, as a matter of fact in the complainants' bill, that said proceedings to obtain judgment were thus commenced during the ownership by said respondent of his said shares of stock or within one year after the transfer of said stock was recorded upon the books of the Bar Harbor Land Company aforesaid. And the respondent insists on this special matter of defense and asks to have the same benefit therefrom as if he had demurred specially to said bill.

4. The respondent further avers that the debt, upon which said judgment against said Bar Harbor Land Company was obtained, was a mortgage debt of said company, as appears by the following statement: On June 14th, 1887, the complainants owning certain real property in the town of Eden, Hancock County, Maine, subject to a mortgage for three thousand dollars and interest at six per cent, until paid, given August 3rd, 1886, to James Eddy, conveyed the said property to said company; and as a part consideration for said conveyance, the said company promised, covenanted and agreed with the complainants to assume and pay said mortgage; and that this agreement is the same contract referred to in paragraph 1, of the complainants' bill as the basis for the judgment herein described.

And the respondent prays that the complainants' bill may be dismissed and that he, the respondent, may have decreed to him his reasonable costs in this behalf most wrongfully sustained.

EDGAR M. PAINE.

Respondent's answer was amended in the following particulars, on such terms, if any, as the law court should see fit to impose.

After paragraph 4, is added :   "The respondent further avers that the debt which is the foundation of this proceeding was not contracted during his ownership of said unpaid stock, and he further avers that said judgment is invalid in particulars which could avail the corporation on a writ of error."

Plaintiffs' proofs : Writ in action, Lucy A. Barron and George A. Barron *vs.* Bar Harbor Land Company, dated September 7, 1889.   In the declaration are the following allegations :—

.   .   .   "That on said date of said sale, the said plaintiffs executed and delivered to the defendant a good and sufficient warranty deed of said lots, which said deed was then and there accepted by the defendant and by it caused to be recorded in said Registry, in Book 216, Page 250.

"That prior to the date of said conveyance, to wit, on August the third, A. D. 1886, the plaintiffs mortgaged the first lot aforesaid to James Eddy, of Providence, Rhode Island, to secure the payment of three thousand dollars on or before four years from date at the option of the mortgagors, with interest at six per centum per annum, which said mortgage was existing and in force according to said terms at the date of the said sale. That at the date of the sale aforesaid, and as a part of the consideration paid for the land conveyed, the defendant assumed said mortgage and agreed to take up and pay the same forthwith ; and in a mortgage of the said two lots given back by the defendant to the plaintiffs on the date of said sale, and as a part of the same transaction, the said defendant expressly assumed said mortgage to James Eddy and promised to pay the same and the sum and interest secured thereby forthwith.   And the plaintiffs allege that the defendant has not taken up said mortgage to James Eddy nor paid the sum secured thereby nor any part thereof."

The above writ was entered at the October Term, A. D. 1889, when and where the defendant (Bar Harbor Land Company) appeared by its counsel and the case was continued to the January Term, A. D. 1890, of said court, at which term

judgment was rendered for the plaintiffs by agreement of counsel for three thousand one hundred and ninety-six dollars and twenty-nine cents. The date of said judgment is January 30th, A. D. 1890. Execution issued in due form, January 31st, A. D. 1890, for amount stated in complainants' bill, which execution was, on the 8th day of March, A. D. 1890, returned in no part satisfied.

Plaintiffs also put in extracts from the records of the Bar Harbor Land Company proving its officers, their powers, duties, &c., and votes relating to the purchase of the lands of the plaintiff, the payment and security therefor.

They next put in their deed of the two lots of land to the Bar Harbor Land Company dated June 14, 1887, containing, next after the description this clause :—

"The first hereinbefore-described being herein conveyed subject to a certain mortgage to James Eddy dated, August 3rd, A. D. 1886, recorded in said Registry, in Vol. 208, Page 217, and the second lot herein above-described being herein conveyed subject to a mortgage given the Hancock County Savings Bank, dated September 7, A. D., 1885, recorded in said Registry in Vol. 202, Page 97, and by acceptance of this deed the grantee herein assumes and promises to pay all sums now or hereafter due under both said mortgages and debts secured thereby." The covenants in this deed make no mention of any incumbrances, but are full covenants. Also, the mortgage of the Bar Harbor Land Company, dated June 14, 1887, to the plaintiffs, securing payment of ten thousand dollars, and which excepts from the covenants against incumbrances the two mortgages above-named by the following terms :    .   .   .   "except two certain mortgages, one to James Eddy, and the other to the Hancock Savings Bank, both of which said mortgages said company has assumed and hereby covenants to pay ;"    .   .   .

Also, the mortgage deed from Lucy A. and George A. Barron to James Eddy, dated August 3rd, 1886. The condition of this mortgage, which is mentioned in the plaintiff's writ, was to pay three thousand dollars, on or before four years from its date, at the option of the mortgagors, with interest at six per

cent per annum. Said mortgage covered the first lot described in plaintiff's writ.

Also, the mortgage from plaintiffs to Hancock County Savings Bank, of the second lot described in plaintiff's writ, dated September 7th, 1885, with condition to pay eight hundred dollars in one year from date with interest at eight per cent per annum. One year redemption clause. This mortgage was foreclosed by publication, the last publication being July 4th, 1889.

Also, mortgage from plaintiffs to Fannie D. Burrill, of all plaintiff's real estate in Hancock County, dated November 30, 1886, with condition to pay one thousand dollars, in one year from date with interest at eight per cent per annum. This mortgage was foreclosed, and paid by the plaintiffs prior to the date of their bill.

George A. Barron testified :

"I reside at Bar Harbor. My wife, Lucy A. Barron, and I owned the property described in this bill prior to June 14th, 1887. I made the contract of sale to the Bar Harbor Land Company of that property. I think the first conversation in regard to the sale was June 14th, 1887, the same day the papers were made. The papers were passed and the deed was passed the same day. I made the contract with Mr. Burrill. He was president of the company. I saw him first on the premises. (The conversation between Mr. Burrill and the witness was objected to by the defendant, but was received, and, with all the rest of the testimony in the case, to be considered by the full Court if admissible, and if not, to be rejected.)

"I think Mr. Burrill asked me if I wanted to sell my place, and I told him that I had said that I would sell it, and he asked me what I asked for it, and I told him $20,000. He asked me if I thought that was a fair price, and I told him I considered it so, and that I had been offered that week $18,000, by a New York party, and I did not take it, and I thought it was well worth what I asked. Then he asked me how I wanted my pay, and I told him I would trade for one half down and for the other half I would take a mortgage ; or he proposed to me about

the mortgage, that he wanted to give a mortgage for a part of it; and I told him I would take $10,000 down and he could keep back a sufficient sum to cover these mortgages which he knew all about. I said I thought it amounted to about $5000; it proved to be a little more than that when the interest was figured. He said he would take it, and he said: "you have your wife come up this afternoon and we will have the deeds made and the papers passed." We went up; we went into the office of the Land Co. in Mr. Hamor's building, and we agreed that this money should be deducted out for these mortgages and interest up to the time of the sale, and I was to give a receipt for having received that much, the amount of the mortgages and interest, three mortgages altogether, two to Mr. Eddy, and one to him and his wife. We executed the papers at the office of the Land Co. that afternoon. I think I was paid $4,818, in money. There was a check for $3,000. At the time I was paid I received a mortgage from the corporation. Mr. Burrill asked me if Mr. Eddy would take his money, in the first part of the conversation, and I told him I thought he would without doubt. These mortgages were to be paid right away; Mr. Burrill said he would attend to his matter right away. They were not paid. I have been obliged to pay a portion of them. I have paid a mortgage for one thousand dollars,—Fannie Burrill's,— and two hundred and nine dollars interest, making one thousand two hundred and nine dollars in all. He foreclosed on his mortgages. I don't know that Mr. Eddy foreclosed but Mr. Burrill foreclosed on the eight hundred-dollar mortgage."

(Cross-Examined.) "The three thousand-dollar mortgage to Mr. Eddy has not been paid. I learned that it was not from the agent, Mr. Brown. It was on the agreement to pay that mortgage that this action was brought, this one against Mr. Paine. The eight hundred-dollar mortgage to Burrill has not been paid; I presume it will have to be soon. I have forgotten, though, what time the foreclosure runs out."

"This suit was brought on the agreement of the Bar Harbor Land Co. to assume and pay the mortgage to James Eddy, and the agreement upon which the suit was brought is the agreement

contained in the deed to the Bar Harbor Land Company, from me."

It was admitted that the mortgage on which suit was brought and judgment recovered, has not been paid by anyone.

Defendants offered no evidence.

*Wiswell, King and Peters,* for plaintiffs.

Amendments are matters of form only. Courts of equity more liberal in allowing amendments than courts of law. *Hewitt* v. *Adams,* 50 Maine, 276.

Judgment conclusive of the debt. *Gaskill* v. *Dudley,* 6 Met. 556; *Johnson* v. *Somerville Co.* 15 Gray, 218; *Thayer* v. *N. E. Litho. Co.* 108 Mass. 528, and cases cited; *Milliken* v. *Whitehouse,* 49 Maine, 527; *Cole* v. *Butler,* 43 *Id.* 401; *Sidensparker* v. *Sidensparker,* 52 *Id.* 481; Cook on Stock, &c. § 209, and cases cited. A contract to pay a mortgage may be enforced before the promisee has paid it. 1 Jones Mort. (3d Ed.) § 769; *Locke* v. *Homer,* 131 Mass. 93. Defenses should have been set up in original suit. Error will not lie. *Weston* v. *Palmer,* 51 Maine, 73; *Denison* v. *Portland Co.* 60 *Id.* 519. Debt recovered in the judgment, not a mortgage debt of the corporation. A mortgage debt of a corporation can not mean anything else than an obligation of the corporation, the performance of which is secured by a conveyance of some property from the corporation.

This Land Company promised the plaintiffs to pay certain debts amounting to over five thousand dollars; but it gave the plaintiffs no security for the fulfilment of that promise, or conveyance of property by way of pledge to become void upon performance of their agreement. The corporation gave up no rights and parted with nothing. On the contrary, the corporation became possessed of over five thousand dollars, in cash of the plaintiffs' money for the purpose of taking up certain mortgage debts of the plaintiffs, and has converted it to its own use. The plaintiffs took without security the naked promise of the corporation to pay the money over at once to the holders of certain mortgages, thinking that it would be for the interest of

the corporation to do so to protect its equity of redemption; and so it would, had the corporation kept on and tried to reap the benefits of its bargain. But instead of this, on the decline of prices of land, it allowed this land to fall back to Barron, held on to the five thousand dollars, which was a part of the cash to be paid Barron under the original sale, and delivered him over to be devoured by his mortgagees. Could not be made a mortgage debt of the corporation if plaintiffs had paid the mortgages and claim subrogation thereby. Subrogation would only result in forcing payment out of plaintiffs themselves. *Kinnear* v. *Lowell*, 34 Maine, 302. There are three methods by which stockholders seek to avoid their liability to corporate creditors : first, by a cancellation or withdrawal from the contract ; second, by release from their obligation to pay the full par value of the stock ; third, by a transfer of the stock. In each of these cases, however, a court of equity does its utmost to protect the corporate creditors, and a rigid scrutiny will be made in the interest of creditors into every transaction of such a nature. Cook on Stock, &c., § 199.

*Deasy and Higgins*, for defendants.

The debt is a mortgage debt of the corporation, for which stockholders are not held. It is a "mortgage debt." A mortgage debt is a debt secured by a mortgage. The corporation, by entering into the agreement aforesaid, became liable to the mortgagee directly. *Dearborn* v. *Parks*, 5 Maine, 81. This debt (from the corporation to the mortgagee,) is secured by mortgage. This debt is certainly a mortgage debt. It will not be contended that the mortgagee could have recovered of the stockholders on the ground that the contract constituted a non-mortgage debt. But the company not only became liable to the mortgagee but might have become liable to the plaintiffs. No liability to the plaintiffs accrued, however, because they, the plaintiffs, did not pay the debt. *Burbank* v. *Gould*, 15 Maine, 120. That they did recover judgment by default without paying the debt is immaterial in this connection.

Their legal right was to pay the debt and be subrogated to the rights of the mortgagee, and to have the benefit of his claim and his security. This debt thereby would have been secured by a mortgage and, therefore, a mortgage debt. Jones Mort. § § 768, 879; *Kinnear* v. *Lowell*, 34 Maine, 299. As between these parties, the corporation became the principal debtor, the plaintiffs merely sureties. Jones Mort. § § 741, 769, note 2; *Locke* v. *Homer*, 131 Mass. 109.

Second. It does not appear that the debt was contracted during the defendant's ownership of stock. This is one of the elements that must be made to appear affirmatively by the plaintiffs. *Grindle* v. *Stone*, 78 Maine, 178. The only evidence on the subject is the admission in the answer that the defendants did take stock on June 4th, 1887. Assuming that the debt was contracted on June 14th, 1887, (which we deny) there is no evidence that the defendants owned any stock on that day. But we say that there was no debt at all. Barron had not paid the mortgage debt even at the time of the trial, and, therefore, there was no debt due to him. *Burbank* v. *Gould, supra*. The judgment is conclusive evidence of the existence of the debt only at the date of its rendition. It does not prove that a debt has existed even for one day prior. The corporation, then, owed the debt on January 30th, 1890. But it is not proved that the defendants owned any stock at that time; the only proof, touching the point, is the admission in the defendants' answers that they did take some stock on June 4th, 1887.

PETERS, C. J. These are suits in equity to recover certain amounts from stockholders, who have not fully paid for stock taken by them in a corporation against which the complainants have an unsatisfied judgment. The complainants have carefully pursued all the steps requisite for recovery, according to the procedure approved in the similar case of *Grindle* v. *Stone*, 78 Maine, 176; and we see no obstacle in the way of sustaining either of the suits. There can be no need of our noticing any points in opposition to the contention of the complainants, except such as we find upon the brief of the learned counsel of the respondents. What is not contested is admitted.

The first objection alleged is that the debt due the complainants is a mortgage debt of the corporation, the statute (R. S., ch. 48, § 47,) providing that stockholders shall not be personally liable to contribute to the payment of a mortgage debt of the corporation. The facts are that the complainants sold to the corporation real estate upon which was a mortgage given by the complainants to secure their note, and, as a part payment of the consideration of the conveyance to it, the corporation agreed to pay the mortgage note, holding the complainants indemnified against the same. That was not a mortgage debt of the corporation. Their liability is upon a contract with the complainants to pay that debt. The corporation owed the complainants a sum of money equal to that debt, and agreed to pay them by paying such debt. Paying the debt would pay the complainants. Not paying it, the corporation owed the complainants the amount. The policy of the statute is only to exempt stockholders in a corporation from liability on a debt which the corporation itself has secured by mortgage; the presumption being that in such case the creditor has security enough, at all events, security he is satisfied with.

The next objection is that the complainants are not entitled to recover, because they have not themselves first paid the mortgage debt before proceeding against the corporation or its stockholders. The case of *Burbank* v. *Gould*, 15 Maine, 118, is cited upon this point, and it tends to sustain the view that such a defense, had it been made, would have prevented a recovery against the corporation. That case, however, has been much shaken by the course of decision since its day, and whether it would stand against the weight of authority now in opposition to it, may be questionable. The more modern doctrine seems to be that the grantor can recover the debt of the grantee, who has agreed to pay it, in order to have the means with which to pay it himself, and be discharged from his obligation. Equity can be resorted to, in such case, to require a proper appropriation of the money recovered. *Locke* v. *Homer*, 131 Mass. 93, embodies a mass of citations on the question.

But the disadvantage of the defense in the present case is that

the complainants already have a judgment against the corpora-tion for the amount of the debt, obtained without opposition, and that the respondents as stockholders, in the absence of fraud or want of jurisdiction, and wrong is not in this case pretended, are concluded thereby. *Milliken* v. *Whitehouse*, 49 Maine, 527. This is a common principle in the law, found in many analogous cases. This point of defense comes too late. It should have been before judgment against the corporation if at all.

Another point only is taken, evidently not much relied on, and that is that there is not evidence showing that the respond-ents were stockholders at the time the debt against the cor-poration was contracted. They were original stockholders, commencing their ownership with the inception of the corpora-tion. It does not appear that they have ever conveyed. Owners at the beginning, nothing to the contrary appearing, owners till the end, is the presumption of continuance in circumstances like these; *Grindle* v. *Stone, ante*.

Complainants were allowed to make a formal amendment. The respondents amended and added on their side also. The amendments were not of a character that require the imposition of terms.

*Bills sustained with costs.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.