The facts are stated in the opinion.
 

 Williams, J.
 

 This action in mandamus is' brought originally in this court to compel the Superintendent of Insurance of the state of Ohio to issue to the relator, The Clinton Mutual Insurance Association, a renewal of its license authorizing it as a mutual protective association to write fire and wind insurance.
 

 The cause has been submitted on a general demurrer to the petition. Although the petition is lengthy, its pertinent allegations may be summarized briefly:
 

 The relator-was incorporated as a mutual protective association under Sections 3686 to 3690, Revised Statutes, originally enacted in 1877 and found in 74 Ohio Laws, 66, now Sections 9593 to 9603 inclusive, General Code, for the purpose of insuring its members.
 

 On or about April 2, 1932, a dwelling house on what may be referred to as the Van Pelt farm was destroyed by fire. The farm had previously been mortgaged to The Union Central Life Insurance Company (not a member of the association) by the then owner Elijah Van Pelt.
 

 In or about the year 1924, Van Pelt became a member of and received a fire insurance policy from The Clinton Mutual Insurance Association which covered the farm buildings including the dwelling house. At or about the time of the issuance of the policy, a rider containing a “non-assessable mortgage clause” was attached to the policy. (The petition contains
 
 *585
 
 no other allegation to the effect that the mortgage clause made the loss payable to the mortgagee as its interest should appear.)
 

 Some time after the fire The Union Central Life Insurance Company brought an action in the Court of Common Pleas of Clinton county, Ohio, against The Clinton Mutual Insurance Association (relator herein) on the insurance policy for the fire loss and judgment was entered for the defendant, relator herein. On appeal to the Court of Appeals the judgment was reversed and final judgment rendered in favor of The Union Central Life Insurance Company in the sum of $3500
 
 (Union Central Life Ins. Co.
 
 v.
 
 Clinton Mutual Ins. Assn.,
 
 51 Ohio App., 20, 199 N. E., 223); thereafter this court overruled a motion to certify the record.
 

 The relator has no funds with which to pay the judgment.
 

 The Superintendent of Insurance of the state of Ohio refuses to issue the annual license or renewal of license for the reason that the association has failed and neglected to pay such judgment and to raise money by borrowing or by assessing members for payment thereof, after due demand and notice.
 

 There are further allegations in the petition that Van Pelt was not a member at the time of the fire and that the Conrt of Appeals so found at the time it entered judgment; but these allegations have no materiality whatever unless it is within the power of this court to go behind the judgment regarding his membership.
 

 The petition concludes with an appropriate prayer for a writ of mandamus to compel the respondent to issue the annual license to relator.
 

 A mutual protective association, such as the relator is, can insure only members (Section 9597, General Code) and can make assessments only upon its mem
 
 *586
 
 bership for the payment of losses of its members, and for incidental purposes which include the. necessary expenses of administration of the trust (save that it has limited power to create a surplus and to borrow money to pay expenses and to meet losses in anticipation of assessments). Sections 9593 and 9594, General Code. These sections in their earlier form were construed in
 
 State, ex rel. Richards, Atty. Genl.,
 
 v.
 
 Manufacturers’ Mutual Fire Assn.,
 
 50 Ohio St., 145, 150, 33 N. E., 401, 24 L. R. A., 252, and
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Monitor Fire Assn.,
 
 42 Ohio St., 555, 564, when they were known as Sections 3686 to 3690, Revised Statutes.
 

 Before considering the- conclusiveness of the judgment it is well to inquire whether the problem is affected by the allegation that the mortgagee was not a member of the association.
 

 There can be no doubt of the right of a member of such an association to have his policy payable to a mortgagee as the latter’s interest may appear, nor of the validity of the obligation of the association to the mortgagee ensuing therefrom. The loss through damage to the mortgaged property by fire is that of the mortgagor, and the amount payable is merely made first applicable to the mortgage debt. The mortgagee may recover, but only for that part of the insurance necessary to satisfy the mortgage. It is, therefore, inconsequential that The Union Central Life Insurance Company was not a member and not liable to assessment.
 

 Is the judgment conclusive?
 

 Relator’s contention may be stated thus': Since Elijah Van Pelt, having ceased to own an interest in the farm on which the insured buildings were located, was not a member at the time of the fire, assessments can not be-collected against the members of the association for the payment of the fire loss and the fact
 
 *587
 
 that The • Union Central Life Insurance Company (also a non-member) has reduced to judgment its claim'against the association does not alter the case; and since the relator has no funds that could be applied toward the payment of the judgment and is without power under the laws of the state to make any assessments on members to. raise money to pay such a judgment, the Superintendent of Insurance is without justification in withholding the renewal of its license to relator and this court should overrule the demurrer.
 

 It is well settled that a judgment is binding not only on the judgment debtor but also on all persons in privity with him.
 
 Kraut
 
 v.
 
 Cleveland Ry. Co., ante,
 
 125, 5 N. E. (2d.), 324;
 
 State
 
 v.
 
 Cincinnati Tin & Japan Co.,
 
 66 Ohio St., 182, 64 N. E., 68.
 

 A mutual protective association has no stockholders but only members (Section 9594, General Code); by statute such an association may sue and be sued in its corporate capacity (Section 9597, General Code).
 

 According to the overwhelming weight of authority, the stockholders of a corporation are, in the absence of fraud and collusion, bound by the judgment against the corporation, and, in a suit to collect a stockholder’s liability or an unpaid stock subscription, can not attack such judgment.
 
 Mutual Fire Ins. Co.
 
 v.
 
 Phoenix Furniture Co.,
 
 108 Mich., 170, 66 N. W., 1095;
 
 Holland
 
 v.
 
 Duluth Iron Mining & Development Co.,
 
 65 Minn., 324, 68 N. W., 50;
 
 Ball
 
 v.
 
 Reese,
 
 58 Kan., 614, 50 P., 875;
 
 Singer
 
 v.
 
 Hutchinson,
 
 183 Ill., 606, 56 N. E., 388;
 
 Castleman
 
 v.
 
 Templeman,
 
 87 Md., 546, 40 A., 275;
 
 Barron
 
 v.
 
 Paine,
 
 83 Me., 312, 22 A., 218;
 
 Hawkins
 
 v.
 
 Glenn,
 
 131 U. S., 319, 33 L. Ed., 184, 9. S. Ct., 739; 1 Fletcher Cyclopedia Corporations (Permanent Edition), 130, Section 38; 13 Fletcher Cyclopedia Corporations (Permanent Edition), 473, Section 6132; 2 Black on Judgments (2 Ed.), 878, Sec
 
 *588
 
 tion 583. Upon principle members of an incorporated mutual protective association stand on the same footing as stockholders of a corporation.
 
 Garkill
 
 v.
 
 Dudley,
 
 47 Mass. (6 Metc.), 546, 39 Am. Dec., 750.
 

 The ultimate source of funds for payment of fire losses is the members themselves. Since the member’s contract of insurance is with the association, the litigation to determine his rights or the rights of a mortgagee under a loss payable clause must be against the association as such. If a resulting judgment were of no binding force upon the members the action would be fruitless. This court is compelled to the conclusion that members of the association are in privity with the corporation itself, and that the judgment is
 
 res judicata
 
 as to every issue that was or could have been raised in the action.
 
 Hixson
 
 v.
 
 Ogg,
 
 53 Ohio St., 361, 367, 42 N. E., 32 ;
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Sargent,
 
 27 Ohio St., 233.
 

 One issue necessarily involved in the suit on the policy was whether Van Pelt was a member at the time of the fire loss, and that question cannot be re-litigated in the instant action or in an action against a member for the collection of an assessment to pay the judgment.
 

 However, it should be observed in passing that no person is liable to an assessment for loss which was suffered when he was not a member, and an action to recover an assessment may be successfully defended as to any particular loss (even though reduced to judgment) on the ground of such non-membership. Such an issue could not arise in an action against the association to recover for a fire loss.
 

 Was the Superintendent of Insurance justified in refusing renewal of the license?
 

 Section 617, General Code, imposes on the Superintendent of Insurance the duty to execute and enforce laws relating to insurance. Moreover it was held in.
 
 *589
 
 State,
 
 ex rel. Natl. Mutl. Ins. Co.,
 
 v.
 
 Conn, Supt. of Ins.,
 
 115 Ohio St., 607, 620, 155 N. E., 138, 50 A. L. R.,
 
 473,
 
 that a measure of discretion in granting or withholding a license is vested in the Superintendent of Insurance, and in
 
 State, ex rel. European Accident Ins. Co.,
 
 v.
 
 Tomlinson, Supt. of Ins.,
 
 101 Ohio St., 459, 468, 129 N. E., 684, it is stated that the official has full authority to revoke a license to secure compliance with insurance laws.
 

 In the instant case the Superintendent of Insurance was confronted with the problem of issuing a license to the association which refused to pay and to make any attempt to pay a judgment rendered by a court of competent jurisdiction for fire loss under one of its outstanding policies. It was not within the power of the Superintendent of Insurance (any more than it is within the jurisdiction of this court) to go behind the judgment to determine whether it was warranted by the law and the evidence. The Superintendent of Insurance, within his discretion, could refuse to renew the license under Section 9600, General Code, until proper steps had been taken toward the satisfaction of the judgment.
 

 The Superintendent of Insurance did not abuse his discretion in refusing a renewal of the license and was justified in the course he pursued.
 

 The demurrer to the petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., J ones, Matthias, Day, Zimmerman and Myers, JJ., concur.