[Cite as *N.T.I. Ents., Ltd. v. Dental Prods. & Servs., Inc.*, 2019-Ohio-25.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| N.T.I. ENTERPRISES, LTD.<br>f.k.a. NTI, LTD., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2018-T-0018** |
| | : | |
| - vs - | : | |
| | : | |
| DENTAL PRODUCTS & SERVICES, INC., | : | |
| | : | |
| Defendant, | : | |
| | : | |
| ALVIN G. SULLIVAN, et al., | : | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2016 CV 00585.

Judgment: Reversed and remanded.

*Frank R. Bodor*, 157 Porter Street, N.E., Warren, OH 44483 (For Plaintiff-Appellee).

*Jason Patrick Small*, 839 Southwestern Run, Youngstown, OH 44514 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Alvin G. Sullivan, appeals from the January 10, 2018 judgment of the Trumbull County Court of Common Pleas, entering judgment in favor of appellee, N.T.I. Enterprises, Ltd. f.k.a. NTI, Ltd. ("NTI"), following a damages hearing. The trial court's judgment is reversed and remanded.

{¶2} The following undisputed facts are summarized from the pleadings and motions contained in our record on appeal.

{¶3} On December 19, 1996, appellee entered into a 36-month lease agreement with appellant, Patricia L. Sullivan, and D & M Products and Services, Inc. ("Dental Products").[1] The Sullivans and Dental Products leased from appellee Suite #110 in the Northwood Center at 1601 Motor Inn Drive, Girard, Ohio. The annual rent was $24,800.04 per year, payable in advance monthly installments of $2,066.67. If received on or before the fifth of any month, $2,041.67 would be accepted as rent in full.

{¶4} The lease expired on February 28, 2000. Subsequently, the parties entered ten lease amendments and extensions, the last of which expired on February 28, 2010.[2]

{¶5} On February 27, 2012, Dental Products, Patricia L. Sullivan, and Eugene Mickel executed a lease amendment and extension of the original lease for the period of March 1, 2012, through December 31, 2013, at $2,381.00 per month with $2,356.00 accepted as rent in full if paid on or before the fifth of the month. Patricia L. Sullivan signed individually and as President of Dental Products, and Eugene Mickel signed

---

[1]. At the time the original lease was signed, Dental Products was referred to as "D & M Products and Services, Inc." As of the February 20, 2003 lease amendment and extension, it was referred to as Dental Products & Services, Inc.

[2]. (1) December 22, 1999, to extend the lease from March 1, 2000, through February 28, 2001, at $2,221.00 per month with $2,196.00 accepted as rent in full if paid on or before the fifth of the month; (2) December 18, 2000, for March 1, 2001, through February 28, 2002, at $2,276.00 per month with $2,251.00 accepted in full if paid on or before the fifth of the month; (3) January 2, 2002, for March 1, 2002, through February 28, 2003, at $2,281.00 per month with $2,256.00 accepted as rent in full if paid on or before the fifth of the month; (4) December 26, 2002, for March 1, 2003, through February 28, 2004, with rent remaining the same; (5) December 29, 2003, for March 1, 2004, through February 28, 2005, with rent remaining the same; (6) January 4, 2005, for March 1, 2005, through February 28, 2006, with rent remaining the same; (7) January 13, 2006, for March 1, 2006, through February 28, 2007, with rent remaining the same; (8) January 8, 2007, for March 1, 2007, through February 28, 2008, with rent remaining the same; (9) January 28, 2008, for March 1, 2008, through February 28, 2009, with rent remaining the same; and (10) April 1, 2009, for March 1, 2009, through February 28, 2010, with rent remaining the same.

individually and as Vice President of Dental Products.  Appellant was not a party to that lease amendment and extension.

{¶6}   On April 7, 2016, appellee filed a complaint for rent arrearages in the Trumbull County Court of Common Pleas against appellant; Dental Products; Patricia L. Sullivan, individually and as President of Dental Products; and Eugene Mickel, individually and as Vice President of Dental Products.  Appellee alleged the defendants remained in possession of the premises upon expiration of the lease extensions, becoming month-to-month tenants but defaulted and failed to pay rent and utilities from July 2015 through April 2016.  Appellee demanded judgment against the defendants, jointly and severally, in the amount of $25,647.00 together with costs and reasonable attorney fees.  Copies of the original lease agreement and each lease amendment and extension were attached to the complaint.  Patricia L. Sullivan was subsequently dismissed from the case without prejudice upon a suggestion of bankruptcy.

{¶7}   Appellee filed a motion for summary judgment on June 5, 2017.  Appellee argued appellant was liable under the terms of the original lease as a holdover tenant because appellant signed the original lease individually and continued his occupancy until he was evicted by court order.  In the alternative, appellee argued appellant was liable pursuant to a previous judgment of the Girard Municipal Court that ordered his eviction from the premises.

{¶8}   Attached to the motion for summary judgment were a magistrate's decision and a judgment entry from Girard Municipal Court case No. 2016CVG00295.  Those documents indicated that appellee filed an action in forcible entry and detainer in the Girard Municipal Court against "Dental Products & Services, Inc. C/O Alvin G.

3

Sullivan, Statutory Agent; Alvin G. Sullivan; Patricia L. Sullivan, Individually & As President of Dental Products & Services, Inc.; Eugene Mickel, Individually & As Vice-President of Dental Products & Services, Inc." The sole issue in the municipal court case was whether a default had occurred that entitled appellee to possession of the premises at issue. In a judgment entry dated May 13, 2016, the municipal court adopted the April 26, 2016 magistrate's decision, which determined that a default had, in fact, occurred and ordered a writ of restitution to issue.

{¶9} Also attached to the motion for summary judgment were several documents purporting to demonstrate that appellant had remained on the premises until he was evicted and an affidavit attesting to the amount of damages owed. Appellant filed a response, and appellee filed a reply.

{¶10} Appellant also filed a motion for summary judgment. Appellant argued he was not liable because he never signed a personal guaranty to the original lease agreement or to any of the amendments and extensions to which he was a party and because he was not a party to the February 27, 2012 amendment and extension. Appellee filed a memorandum contra appellant's motion for summary judgment.

{¶11} The trial court filed a judgment entry on October 20, 2017, which states:

> The Girard Municipal Court, Case No. 2016CVG00295, found the following defendants were in default of the rental agreement with Plaintiff: Dental Products & Services, Inc.; Alvin G. Sullivan; Patricia I. Sullivan [sic]; and Eugene Mickel.
>
> * * *
>
> Defendant Alvin G. Sullivan has * * * filed a motion for summary judgment. * * * [T]he Court must defer to the decision of the Girard Municipal Court which already found the defendants in breach of the rental agreement for non-payment of rent. The issue remaining for determination though is the amount of damages.

4

As to the Plaintiff's motion for summary judgment, the Court finds there remain genuine issues of material fact as to the amount of damages which are in dispute. Upon review, the Court finds reasonable minds could reach different conclusions as to that amount of damages.

The motions for summary judgment are hereby denied. This matter is set for a hearing on damages[.]

The trial court's judgment entry states that both appellee's and appellant's motions for summary judgment are denied. However, the trial court determined liability based on principles of the doctrine of res judicata, which was an argument raised by appellee in its motion for summary judgment. Therefore, the trial court effectively granted appellee's motion for summary judgment on the issue of liability but denied the motion regarding the amount of damages.

{¶12} A hearing on damages took place on November 30, 2017. At the hearing, Barbara Rosier-Tyron, a partner of NTI, who also acts as office manager, testified. Exhibits were introduced that showed no rent was paid from July 2015 through April 2016. Ms. Rosier-Tyron testified that appellant vacated the premises "sometime after the eviction hearing in Girard." She could not recall the exact date but affirmed it was in "the first part" of May 2016 and that appellant occupied the premises up until the eviction.

{¶13} A judgment entry filed January 10, 2018, states that the parties stipulated to the following damages: "(1) rent was due in the amount of $25,647.84 and (2) the outstanding utilities amount was $1,837.84." The trial court noted that appellant continued to dispute his personal liability at the damages hearing. However, the court stated: "[T]he Court had previously ruled on that issue and found the Girard Municipal

5

Court had already found the Defendants, the corporation and the individual defendants, were in breach of the lease agreement for the non-payment of rent." The trial court found in favor of appellee and entered judgment against Dental Products, Eugene Mickel, and appellant, jointly and severally, in the amount of $27,485.68 for unpaid rent and utilities arising from the lease agreement with appellee.

{¶14} Appellant noticed a timely appeal from the trial court's judgment. He raises two assignments of error on appeal, which we address together:

> [1.] In its January 18, 2018 Judgment Entry, the trial court abused its discretion when it found Defendant-Appellant Alvin G. Sullivan liable for damages for non-payment of rent arising from an agreement to extend a commercial lease of land to which Mr. Sullivan was not a party.

> [2.] In its January 18, 2018 Judgment Entry, the trial court abused its discretion when it employed the findings of a municipal court in a prior proceeding for forcible entry and detainer to preclude Defendant-Appellant Alvin G. Sullivan from presenting a defense to claims for damages asserted against him.

{¶15} Appellant states the applicable standard of review is abuse of discretion. The trial court's judgment entry indicates appellant stipulated to the amount of damages, and appellant does not take issue with the amount of damages on appeal. As previously stated, the trial court effectively granted appellee's motion for summary judgment on the issue of liability. On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Further, the trial court's determination that an action is barred by res

6

judicata is a question of law that an appellate court reviews de novo. *Rossow v. City of Ravenna*, 11th Dist. Portage No. 2001-P-0036, 2002 WL 480061, *2 (Mar. 29, 2002).

**{¶16}** Civ.R. 56(C) provides that summary judgment is proper when

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.* at 293.

**{¶17}** Appellant maintains the trial court improperly applied the doctrine of res judicata because the issue of appellant's personal liability under the lease agreement was not at issue or determined in the forcible entry and detainer action in the Girard Municipal Court.

**{¶18}** "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶6, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379,

381 (1995). Claim preclusion prevents subsequent actions by the same parties based on claims arising out of a transaction that was the subject matter of a previous action. *Id.*, citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). Issue preclusion prevents relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties and applies even where the causes of action differ. *Id.*, citing *Fort Frye*, *supra*, at 395.

{¶19} An action in forcible entry and detainer "determines the right to immediate possession of the property and nothing else." *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, fn.11 (1981) (citation omitted). Pursuant to R.C. 1923.03, judgments rendered in forcible entry and detainer actions "are not a bar to a later action brought by either party." The statute is clear that a judgment in a forcible entry and detainer action does not bar a later action between the same parties concerning the same subject matter. *Great Lakes Mall, Inc. v. Deli Table, Inc.*, 11th Dist. Lake No. 93-L-154, 1994 WL 587559, *2 (Sept. 16, 1994). However, "a forcible entry and detainer action bars relitigation of issues that were actually and necessarily decided in the former action." *Id.* (citations omitted).

{¶20} Based on the documents attached to appellee's motion for summary judgment, it is clear that possession of the premises was the only issue resolved in the municipal court. The magistrate's decision pertains to a "Hearing on First Cause of Action for Restitution of the Premises." The magistrate's decision states: "Defendant(s) are in Default of Rental Agreement and have been properly served with notice to vacate the premises." It further states: "WRIT OF RESTITUTION to issue upon Plaintiff's

8

application." The judgment entry that adopts the magistrate's decision states: "The Court has reviewed the pleadings and the evidence submitted and hereby adopts the Decision of the Magistrate pursuant to Ohio R. Civ. Pro. 53 and enters judgment as follows: Writ to issue as ordered." Although the municipal court determined the defendants were in default of the rental agreement, it did not determine that appellant was personally liable for the unpaid rent. Therefore, litigation of the issue of liability in the common pleas court was not barred by the doctrine of res judicata.

{¶21} Appellant argues he is not liable for the unpaid rent because he did not sign the February 27, 2012 amendment and extension to the lease. Appellant maintains that, pursuant to the statute of frauds, lease agreements must be in writing and signed by the party against whom enforcement is sought.

{¶22} Ohio's statute of frauds requires that commercial lease agreements be in writing and signed by the party to be charged. R.C. 1335.04 & R.C. 1335.05. Here, there was a signed writing, as it is undisputed that appellant signed the original lease agreement.

{¶23} Appellant further argues that although he signed the original lease agreement, the damages awarded to appellee derive solely from the February 27, 2012 amendment and extension, and because he did not sign that amendment and extension, it is not enforceable against him. Appellee responds that even though appellant did not sign the last lease extension of February 27, 2012, he is liable as a holdover tenant under the original lease because he remained in possession of the real estate until he was evicted by court order in May 2016.

{¶24} The original lease contains a holdover clause, which states, in part:

9

> If Tenant shall remain in possession of all or any part of the Premises after the expiration of the term or fail to completely remove its personal property, then Tenant shall be deemed a Tenant of the Premises from month to month, notwithstanding any law to the contrary, at the same rental (unless otherwise notified) and subject to all of the terms and provisions hereof, except only as to the term.

Each lease amendment and extension contains language that the parties agreed to continue to be bound by the terms of the original lease. Further, there was evidence presented at the damages hearing that appellant did not vacate the premises until he was evicted by court order in May 2016. *See Jones v. Simondis*, 11th Dist. Trumbull No. 97-T-0073, 1998 WL 156871, *4 (Mar. 27, 1998), quoting *Pyros v. Gould, Inc.*, 8th Dist. Cuyahoga No. 61999, 1993 WL 146639, *4 (May 6, 1993) (emphasis sic) ("'It is well established that when a tenant, after the expiration of the term of a lease, holds over into another term without any new agreement or arrangement with the landlord, the latter *may* treat him as a tenant for another term at the same rent and upon the terms and conditions of his occupancy or, as a trespasser at his election.'").

{¶25} However, it is also undisputed that appellant was not a party to the February 27, 2012 lease amendment and extension. The tenants to that lease had a right to possession of the premises to the exclusion of all others. *See DiRenzo v. Cavalier*, 165 Ohio St. 386 (1956), paragraph one of the syllabus, ("[A] lease gives the right of possession of the land and the exclusive occupation of it for all purposes not prohibited by its terms."). It is unclear what effect, if any, the February 27, 2012 amendment and extension had on the original lease, as there exists some confusion regarding the terms of both documents.

10

**{¶26}** First, the capacity in which Patricia L. Sullivan and appellant signed the original lease agreement is unclear. The original lease agreement states: "THIS LEASE AGREEMENT made and entered into this 19th day of December, 1996, * * * by and between the Parties named in Section 1 which parties in consideration of their mutual covenants herein set forth and do hereby agree as herein specified." Section 1 of the lease identifies two tenants: Patricia L. Sullivan and appellant. Section 1(C) designates appellant as a co-tenant and states appellant and Patricia L. Sullivan are doing business as "D & M Products and Services, Inc." However, the signature page of the original lease identifies three tenants: "Tenant - D & M Products and Services, Inc. BY: Patricia L. Sullivan, President"; "Tenant – Patricia L. Sullivan, Individually"; and "Tenant – Alvin G. Sullivan, Individually". Appellant's signature appears above the signature line designated for him. The April 1, 2009 amendment and extension, the last amendment and extension signed by appellant, also identifies three tenants: "Tenant: dental products & services, inc. by: Patricia L. Sullivan, Pres."; "Tenant: **Patricia L. Sullivan (Individually)**"; and "Tenant: **Alvin G. Sullivan (Individually)**".

**{¶27}** In the final lease amendment of February 27, 2012, no signature line appears for appellant in any capacity. Notably, rather than identifying Patricia L. Sullivan and Eugene Mickel as tenants, the only identified tenant is Dental Products. The signature lines are designated as follows: "Tenant: dental products & services, inc. by Patricia L. Sullivan, Pres.; by: Patricia L. Sullivan (individually)" and "Tenant: dental products & services, inc. by Eugene Mickel, Vice Pres.; by: Eugene Mickel (individually)".

11

{¶28} Next, while the original lease identifies the leased premises as Suite #110 at 1601 Motor Inn Drive, the April 1, 2009 and February 27, 2012 lease amendments and extensions indicate the premises is "1601 Motor Inn Drive – Suite #100 & 110."

{¶29} We conclude it was error for the trial court to determine appellant's liability on the basis of res judicata. Accordingly, the trial court's judgment is reversed. Whether appellant is individually liable for the rent arrearages depends on whether he was a holdover tenant under the original lease agreement even though he was not a party to the final lease amendment and extension. This matter is remanded for the trial court to clarify the discrepancies in the original lease agreement and its subsequent extensions and to determine appellant's liability. Appellant should be afforded the opportunity to present a defense to his liability.

{¶30} Appellant's first and second assignments of error have merit to the extent discussed.

{¶31} The judgment of the Trumbull County Court of Common Pleas is reversed and remanded for further proceedings consistent with the foregoing opinion.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

12