Levi Z. **BEDGOOD, individually and on behalf of others similarly situated, Plaintiff,**

v.

Max **CLELAND, in his capacity as Administrator of the Veterans Administration, Defendant.**

Civ. No. 4–80–596.

United States District Court, D. Minnesota, Fourth Division.

Feb. 12, 1981.

---

Laurie N. Davison and M. Francesca Chervenak, Legal Aid Society of Minneapolis, Inc., Minneapolis, Minn., for plaintiff.

Deborah S. Kleinman, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Levi Z. Bedgood brings this action on behalf of himself and others similarly situated against defendant Max Cleland in his capacity as the administrator of the Veterans Administration [V.A.], alleging that the system the V.A. uses to determine entitlement to veterans' pension benefits does not provide due process of law. Jurisdiction is claimed under 28 U.S.C. §§ 1361 and 1331(a). Plaintiff has filed motions seeking class certification and a preliminary injunction enjoining the V.A. from reducing, terminating, or suspending pension benefits to plaintiff or the class he seeks to represent without first providing adequate notice and an opportunity to be heard.

## I. BACKGROUND

Based on the record before the court at this stage of the proceedings, the facts relevant to this motion do not appear to be in dispute.

### A. *Plaintiff Bedgood*

Plaintiff is a sixty-two year old individual who has received a veteran's disability pension since April 9, 1969. This pension is his sole source of income. Upon being informed that plaintiff had become a nursing home patient, the V.A. raised his pension benefit rate to the "aid and attendance" rate of $520.25 per month, effective June 22, 1979. This rate was later raised to $594.66, effective June 1, 1980.

When the V.A. was subsequently informed that plaintiff had left the nursing home, it asked him to furnish information from his doctor to allow it to evaluate his entitlement to payment at the "aid and attendance" rate. Plaintiff was also examined by a V.A. doctor. The V.A. rating board then determined on August 5, 1980, that plaintiff was not entitled to payment at the "aid and attendance" rate, but was entitled to payment at the "housebound" rate.

On August 19, 1980, two weeks after the rating board's decision, plaintiff was sent a form notifying him that his award of pension benefits had been "amended." Attached was another form indicating that he was to be paid at the "housebound" rate and that he did not appear to be in need of regular aid and attendance. The back of the form contained information about the right to present new evidence, appeal the decision, or appear at a personal hearing. The notice did not state the amount plaintiff's benefits would be when amended, when the amendment was to be effective, or that if a hearing were requested, the effective date of the amendment would be delayed.

On September 9, 1980, plaintiff was sent notice that his award had been amended to

$454.41, effective September 1, 1980. Plaintiff subsequently filed an appeal with the V.A.

## B. *V.A. Procedures*

The record now before the court indicates that in Minnesota any change in V.A. benefit amounts generally does not take effect until after a hearing or appeal has been provided and a determination made *if* a recipient files a notice of disagreement and request for a hearing or appeal before the effective date of the change. A recipient in plaintiff's position can secure a hearing before a change in his benefits. However, the notice provided to recipients whose benefits are changed does not notify them of the availability of this procedure, and the notice generally does not inform the recipient of the amount of the change or of the effective date of the change.

## C. *Plato v. Roudebush*

Part of the background to the instant action is an earlier case in which a district court in Maryland certified a nationwide class "consisting of all individuals whose V.A. monthly pension benefits have been or may in the future be administratively reduced, terminated or suspended without first being afforded adequate advance notice and the opportunity for a hearing prior to the change in monthly pension benefits." *Plato v. Roudebush*, 397 F.Supp. 1295, 1301 (D.Md.1975). The court declared in its judgment that the V.A. had a due process obligation to provide class members with adequate notice prior to decrease in V.A. pension benefits and to provide a full hearing thereon.[1] It ordered the V.A. not to reduce, terminate, or suspend monthly pension benefits until it afforded the individual timely and adequate notice detailing the reasons for the change and its effective date and the available review procedures,

and also afforded the opportunity for a hearing at which the individual could confront and cross-examine witnesses, be represented by counsel, and receive a reasoned decision by an impartial decision maker.[2]

Judgment was entered in *Plato v. Roudebush* on July 7, 1975, and no appeal was taken by the defendant. The parties now before the court have differing views relative to the significance of *Plato* in relation to this action.

## II. CLASS CERTIFICATION

█ Plaintiff seeks certification of a class composed of all recipients of veterans pension benefits in the State of Minnesota whose individual benefits have been or may in the future be reduced, terminated, or suspended without being afforded adequate notice and opportunity for a hearing prior to the change in their monthly pension benefits. This proposed class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) and thus should be certified.

Rule 23(a) states that the prerequisites to maintenance of a class action are (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the case, (3) the claims or defenses of the representatives are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. If the above prerequisites are met, a class action can be maintained under Rule 23(b)(2) where the party opposing the class has acted or refused to act on grounds generally applicable to the class and final injunctive or declaratory relief with respect to the class is appropriate.

Defendant argues that the proposed class is overbroad because of variation in V.A.

---

1. An exception to the hearing requirement was made for changes based on (1) mere application of numerical standards to statements of fact made by the beneficiary to the V.A. with notice that such facts would be used to calculate benefits when said statements are conclusively determinative of his entitlement, (2) reli-

able information that the pension recipient has died, or (3) the beneficiary's failure to return the annual income questionnaire. *See Plato v. Roudebush*, Civil No. B–74–641 (D.Md. July 7, 1975) (unpublished judgment).

2. See note 1.

procedures and because it includes three groups that he believes were excluded from the class certified in *Plato v. Roudebush.* See note 1, *supra.* An examination of the *Plato* court's judgment indicates that these groups were not excluded from the class but from part of the remedy fashioned by the court, *i. e.*, from the declaratory and injunctive relief which necessitated a prior hearing.

While it is not possible to determine the exact number of persons in the class, it is clear that the number is large enough to satisfy the requirement of Rule 23(a) that joinder of all parties be impracticable. According to V.A. figures, there are approximately 13,500 recipients of V.A. pension benefits within Minnesota, 500 of whom have appealed decisions in the last six months. Approximately 25 veterans per month request hearings. Those who will be affected by the V.A. actions in the future are also properly included in the case. *See Hoehle v. Likins,* 538 F.2d 229, 231 (8th Cir. 1976).

The class members share a common question of law: whether they have a right to notice and a hearing before a change in pension benefits, and if so, what form the notice and hearing must take. *See e. g., Califano v. Yamaski,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979). Defendant argues that Rule 23 requires that plaintiff share common legal *and* factual issues with the class he seeks to represent and that plaintiff does not meet this requirement because the V.A. provides different procedures for different types of benefit decisions. This argument misstates the language of Rule 23(a) which requires commonality of either issues of law *or* fact. Moreover, the record reveals that the notice given by the V.A. concerning a change in benefits does not provide the information plaintiff argues is required. This suggests a common nucleus of fact.[3]

Although the potential claims of each class member are not identical due to variations in V.A. procedures, substantial questions common to all class members and plaintiff are present, in particular the question of adequate notice. It does not appear that plaintiff and the described class have any potential conflict of interest. The claims of plaintiff are sufficiently typical of those of the class. *See Byrnes v. IDS Realty Trust,* 70 F.R.D. 608, 611 (D.Minn.1976).

The court is satisfied that plaintiff will fairly and adequately protect the interest of the class. His V.A. pension is plaintiff's sole source of income, and his counsel and their law office have had extensive experience advocating the due process rights of their clients, often through class actions.

Finally, the V.A. has, through use of the challenged procedures, acted on grounds generally applicable to the class. This makes final injunctive relief appropriate with respect to the class as a whole if plaintiff prevails.

## III. PRELIMINARY INJUNCTION

Plaintiff seeks an order enjoining the V.A. from reducing, terminating, or suspending the pension benefits of the class-members without adequate advance notice and an opportunity for a hearing prior to any change in monthly benefits. He would, however, make an exception to the prior hearing requirement for cases where changes in benefits are either based on unambiguous numerical information provided the V.A. by the claimant in writing after notice that such information would be used to calculate the monthly benefit amount, or for cases where termination is based on reliable information that the beneficiary has died.

Plaintiff argues that the class is entitled to such an injunction under the holding of

---

**3.** Defendant further argues that no useful purpose will be served by allowing this matter to proceed as a class action, relying on *Ihrke v. Northern States Power Co.,* 459 F.2d 566 (8th Cir. 1972), *vacated as moot* 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972). In *Ihrke* the plaintiff sought primarily a declaratory judg-ment that the power company's termination of services did not meet due process standards, and the court found that the constitutionality of the procedures could be determined without class certification. In the present case, by contrast, plaintiff seeks injunctive relief for the benefit of all class members.

*Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md.1975), through the doctrine of res judicata. At this point, however, the court need not reach the issue of the res judicata effect of *Plato*. Plaintiff admits, and the record shows, that the V.A.'s present procedures generally provide for a hearing before benefits are changed if a hearing is requested before the effective date of the change. His major complaint, therefore, goes to the adequacy of the notice the V.A. provides before a change in benefits.

The notice given by the V.A. to a claimant that benefits will be amended generally does not indicate the amount or the effective date of the amendment and does not inform the recipient that the amendment will not be effective until after a hearing if the hearing is requested before the effective date of the amendment. For the reasons stated below, the class is entitled to a preliminary injunction requiring the V.A. to furnish more complete notice before benefits are reduced, terminated, or suspended.

The factors to be employed in this circuit to determine whether a preliminary injunction should issue are: (1) the threat of irreparable harm to the plaintiff, (2) the state of balance between this harm and the injury that granting the injunction will inflict on the parties litigant, (3) the probability that plaintiff will succeed on the merits and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). The basic question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined; no one factor is determinative. *Id.* at 113.

The likelihood of irreparable harm caused by changing benefits without first providing adequate notice to recipients is substantial. Plaintiff Bedgood derives his sole means of support from V.A. pension benefits. If he requires medical care at the "aid and assistance" rate, and reduction of his benefits renders him unable to afford such care, he could be seriously harmed. Notice adequate to allow him to oppose such a reduction is essential. The same is likely to be true of other class members. The availability of a hearing is meaningless unless the recipient understands its significance and the necessary procedures.

The potential harm to members of the class outweighs any harm the V.A. would suffer as a result of having to furnish more complete notice before changing benefits. All the V.A. will be required to do is furnish information adequate to enable a recipient to determine what change will be made to his benefits for what reason. The V.A. has been on notice that it would be required to provide such information since the court in *Plato v. Roudebush* ordered the V.A. to provide adequate notice and a hearing to a nationwide class of recipients of V.A. pension benefits.

Likelihood of success on the merits favors granting an injunction requiring the V.A. to provide adequate notice before changing benefits. The decision in *Plato v. Roudebush*, requiring adequate advance notice, suggests that plaintiff has a strong case on the merits. The parties agree that plaintiff and the class possess a property interest in V.A. pension benefits. Appropriate notice is an element of due process rights that may constitutionally be required before deprivation of such an interest. *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965); *Wilson v. Health and Hospital Corp. of Marion County*, 620 F.2d 1201, 1214–1215 (7th Cir. 1980); *see Johnson v. Mathews*, 539 F.2d 1111, 1122 (8th Cir. 1976). From the record before the court it appears that there are deficiencies in the type of notice presently given by the V.A.

Finally, it should be noted that the public interest in providing for the health and well-being of disabled veterans strongly favors granting the injunction.

Even though an injunction will issue requiring sufficient notice, plaintiff has not shown that the class is entitled to preliminary relief requiring hearings. From the record it appears that recipients can obtain a hearing prior to changes in benefits if they request such a hearing at the proper time. If recipients receive adequate notice,

they can take advantage of hearing procedures that exist. The record is unclear as to what type of hearing is provided or what procedures are applied to different categories of recipients. The court cannot at this time conclude that the class will be irreparably harmed absent injunctive relief pertaining to hearings and will be better able to evaluate the merits of the hearing issue after further discovery.

### ORDER

Accordingly, upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This action is certified as a class action. The class consists of all recipients of V.A. pension benefits in the State of Minnesota whose individual benefits have been, or may in the future be, reduced, terminated, or suspended without being afforded adequate advance notice and the opportunity for a hearing prior to the change in their monthly pension benefits.

2. Pending final determination of this action, defendant Max Cleland, his agents, employees, and successors in office, shall restore Levi Bedgood's pension benefits to the prior amount of $594.66 per month until he has been given adequate advance notice and a hearing on his appeal.

3. Pending final determination of this action, defendant Max Cleland, his agents, employees, and successors in office, are enjoined from reducing, terminating, or suspending the pension benefits of plaintiff Levi Z. Bedgood or the class he represents without adequate advance notice. Such notice must be provided to the pension recipient 30 days prior to the effective date of the proposed change and must contain the details of the proposed change, including the new benefit rate, the effective date, a summary of the evidence on which the change is based, and a statement of procedural and appellate rights. The notice of procedural and appellate rights must advise the recipient that the proposed action will not take place if a hearing is requested prior to the effective date of the change, unless the change in benefits is based either on unambiguous numerical information provided to the Veterans Administration by the claimant, in writing, and after notice that the information would be used to calculate the monthly benefit amount, or based on information from a reliable source that the beneficiary has died.