O'NESTI ET AL., APPELLEES, *v.* DEBARTOLO REALTY
CORPORATION ET AL., APPELLANTS.

[Cite as *O'Nesti v. DeBartolo Realty Corp.,*
113 Ohio St.3d 59, 2007-Ohio-1102.]

(No. 2005–2093—Submitted November 14, 2006—Decided March 28, 2007.)

O'CONNOR, J.

{¶ 1} This appeal requires this court to establish the parameters that apply when a plaintiff who was not a party to an earlier suit seeks to use the result of that suit to prevail against a defendant who was also the defendant in the former suit. Specifically, we are called upon to determine whether Ohio recognizes offensive claim preclusion or embraces the wait-and-see analysis for purposes of claim or issue preclusion. We determine that because appellees, Gary O'Nesti and Leon Zionts, are not in privity with the plaintiffs in an earlier lawsuit, they cannot bar appellants, DeBartolo Realty Corporation and DeBartolo Property Management, Inc., from presenting additional defenses, that offensive claim preclusion is disfavored in Ohio, and that the "wait and see" analysis is not applicable to claim preclusion.

## Facts

{¶ 2} In 1994, DeBartolo Realty Corporation instituted a stock incentive plan for some of its employees. Each eligible employee was entitled to receive a different number of shares of stock if DeBartolo met certain annual goals.

Possession of the shares earned was delayed by a three-year vesting period. In 1996, DeBartolo merged with a subsidiary of Simon Properties Group, Inc., creating a new entity called SD Property Group, Inc. Immediately after the merger, several employees requested that DeBartolo distribute all the deferred stock allocated to them under the stock incentive plan pursuant to the "Change in Control" provision of the plan. DeBartolo refused, arguing that possession of the stock had not vested. Those employees ("the *Agostinelli* plaintiffs") filed suit against DeBartolo in October 1996 in Mahoning County Court of Common Pleas for breach of contract and breach of the covenant of good faith and fair dealing. On appeal from the trial court's grant of summary judgment to DeBartolo, the Seventh District Court of Appeals determined that the stock that had been allocated to the employees had vested upon the change in control and reversed the judgment of the trial court, awarding the stock to the *Agostinelli* plaintiffs. *Agostinelli v. DeBartolo Realty Corp.* (Aug. 18, 1999), 7th Dist. No. 97CA227, 1999 WL 669518.

{¶ 3} In 2003, after the proceedings in *Agostinelli* ended, Gary O'Nesti and Leon Zionts, employees of DeBartolo who had not joined in the original suit, demanded the shares that had been allocated to them that they had never received. O'Nesti and Zionts filed suit that same year, seeking judgment for the value of the shares of stock allocated to them. They argued that the facts, claims, and issues in *Agostinelli* were identical to those in the new action. Both sides filed motions for summary judgment, with O'Nesti and Zionts arguing that they were entitled to judgment as a matter of law based upon res judicata and collateral estoppel. The trial court awarded summary judgment in favor of O'Nesti and Zionts.

{¶ 4} The Seventh District affirmed, holding that claim preclusion barred DeBartolo from raising defenses (such as novation and waiver) that were not but could have been raised in the *Agostinelli* suit. *O'Nesti v. DeBartolo Realty Corp.*, 163 Ohio App.3d 609, 2005-Ohio-5056, 839 N.E.2d 943. The court specifically stated that "a defendant should raise all applicable defenses in an initial action in order to avoid the bar in a subsequent action." Id. at ¶ 13, citing *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 244–246, 23 O.O.3d 243, 431 N.E.2d 672. The court held that O'Nesti and Zionts were in privity with the *Agostinelli* plaintiffs by virtue of their mutuality of interests, including their shared employment with DeBartolo and their participation in the stock incentive plan. Id. at ¶ 20.

{¶ 5} This court accepted jurisdiction in order to clarify Ohio law in regard to the use of claim preclusion by plaintiffs and the applicability of the "wait and see" factor to claim preclusion. Central to our discussion of both of those issues is the question of whether appellees are in privity with the *Agostinelli* plaintiffs.

### Claim Preclusion

{¶ 6} The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. *Grava,* 73 Ohio St.3d at 382, 653 N.E.2d 226.

{¶ 7} Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. *Fort Frye,* 81 Ohio St.3d at 395, 692 N.E.2d 140. Issue preclusion applies even if the causes of action differ. Id.

{¶ 8} Contrary to the argument expressed in the brief of O'Nesti and Zionts, only claim preclusion is relevant to this suit. The facts show that O'Nesti and Zionts sought a judgment based on the outcome of the *Agostinelli* suit, and also sought to bar DeBartolo from raising certain defenses on the ground that it could have raised those defenses in the *Agostinelli* suit. As these defenses were not litigated in *Agostinelli,* issue preclusion is inapplicable. The thrust of O'Nesti and Zionts's argument is that DeBartolo is barred by claim preclusion from raising *any* defenses.

{¶ 9} For claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit. *Johnson's Island,* 69 Ohio St.2d at 244, 23 O.O.3d 243, 431 N.E.2d 672. Privity was formerly found to exist only when a person succeeded to the interest of a party or had the right to control the proceedings or make a defense in the original proceeding. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 114, 49 O.O.2d 435, 254 N.E.2d 10, overruled in part on other grounds, *Grava,* 73 Ohio St.3d 379, 653 N.E.2d 226. An interest in the result of and active participation in the original lawsuit may also establish privity. Id. Individuals who raise identical legal claims and seek identical rather than individually tailored results may be in privity. *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958. This court has since stated that privity is a somewhat amorphous concept in the context of claim preclusion. *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8, citing *Brown,* 89 Ohio St.3d at 248, 730 N.E.2d 958. A "mutuality of interest, including an identity of desired result," might also support a finding of privity. *Brown* at 248, 730 N.E.2d 958. Mutuality, however,

exists only if "the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of *res judicata* or collateral estoppel." *Johnson's Island,* 69 Ohio St.2d at 244, 23 O.O.3d 243, 431 N.E.2d 672.

{¶ 10} Applying these general rules, this court has determined that privity exists when a government official is sued in his individual and in his official capacity. *Kirkhart,* 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, syllabus. Privity also exists between an association and its individual members when the members are liable by law for a judgment against the association. *State ex rel. Clinton Mut. Ins. Assn. v. Bowen* (1937), 132 Ohio St. 583, 8 O.O. 565, 9 N.E.2d 494. But some basic relationships, even including that of a mother and minor child, have been held not to establish privity. *Johnson v. Norman* (1981), 66 Ohio St.2d 186, 190, 20 O.O.3d 196, 421 N.E.2d 124; *Whitehead,* 20 Ohio St.2d 108, 116, 49 O.O.2d 435, 254 N.E.2d 10.

{¶ 11} Appellees share two characteristics with the *Agostinelli* plaintiffs: they were employed by the same company, and they were subject to the same stock incentive plan. That is the sum of their commonalities. O'Nesti and Zionts seek individually tailored results—a judgment for the value of the stock that each claimed was due to each of them—and not a general result, such as the blanket enforcement of the stock incentive plan. O'Nesti and Zionts did not actively participate in or have any control over the *Agostinelli* suit. There are no facts showing a special relationship between appellees and the *Agostinelli* plaintiffs that would allow appellees to enjoy the benefit of the judgment rendered in the earlier action while preventing DeBartolo from raising defenses unique to them. Furthermore, as our additional discussion of related issues below will demonstrate, this is not a situation in which it is appropriate to relax traditional standards of privity.

{¶ 12} The relationship between co-employees subject to the same employment-related contract, without more, does not establish privity. We hold that plaintiffs who are employees of the same employer and who have each signed an employment-related contract with the employer are not in privity for the purpose of claim preclusion if each employee is entitled to different benefits under the contract. Accordingly, privity simply does not exist, and appellees may not use claim preclusion to their benefit.

{¶ 13} Because this matter will be remanded to the trial court for further proceedings, it is necessary to clarify some additional aspects of the reasoning employed by the court of appeals that are intertwined with the privity question we have resolved. Our discussion of these additional issues further illustrates

why a strict application of privity must apply in this case, and why appellees must litigate the merits of their claims against DeBartolo.

{¶ 14} In addition to the above concerns based on a lack of privity, this case also raises related concerns about the court of appeals' justifications for allowing claim preclusion to apply offensively. Offensive claim preclusion involves a situation in which a plaintiff seeks to bar a defendant from raising any new defenses, while defensive claim preclusion includes any scenario in which a defendant seeks to completely bar relitigation of a claim already determined in a prior lawsuit. *Hann v. Carson* (M.D.Fla.1978), 462 F.Supp. 854, 859, fn. 2. *Stone v. Dept. of Aviation* (D.Colo.2003), 296 F.Supp.2d 1243, discusses, and discards, the idea of offensive claim preclusion.[1] The court held that "[a]s a general rule, courts will not apply the doctrine of res judicata [i.e., claim preclusion] offensively. * * * This rule makes sense because * * * res judicata is used to 'bar' the second action." Id. at 1249. The court in *Stone* stated that even in the very limited instances where offensive claim preclusion could properly be applied, plaintiffs " 'are entitled only to the relief obtained in [the previous action] and are precluded from receiving additional or differing relief.' " Id., quoting *Bedgood v. Cleland* (D.Minn.1982), 554 F.Supp. 513, 518.

{¶ 15} The *Stone* court recognized that *Bedgood* allowed offensive claim preclusion, but *Bedgood* involved plaintiffs who had been part of a class named in a previous suit and the same defendants from that class action. The *Bedgood* court allowed the plaintiffs to use the previous judgment as res judicata to prevent relitigation of issues that had already been fully litigated in the previous action. The court found that nothing could be gained from requiring the plaintiffs to relitigate exactly the same claims and issues previously litigated. *Bedgood v. Cleland*, 554 F.Supp. at 518.

{¶ 16} Other jurisdictions have rejected the idea that claim preclusion can be used offensively. See *Baltimore Contrs., Inc. v. Gen. Concrete Constr. Corp.* (Feb. 10, 1982), E.D.Pa. 80–551 (declining to allow offensive claim preclusion when a judgment had been rendered for plaintiff because the doctrine "is designed to protect a defendant from repeated and vexatious litigation on the same claim" and is not meant to be used as a sword to accumulate multiple judgments on the same cause of action); *Kaiser Found. Hosps. v. Los Angeles Cty. Superior Court* (1967), 254 Cal.App.2d 327, 334, 62 Cal.Rptr. 330, fn. 2, citing *Nevarov v. Caldwell* (1958), 161 Cal.App.2d 762, 327 P.2d 111 ("the plea of res judicata [may] not be used *offensively* by a plaintiff, a stranger to the prior

---

1. DeBartolo cites *Stone* in support of its arguments. O'Nesti and Zionts, on the other hand, provide no citations in support of offensive claim preclusion as they argue that this court should recognize offensive *issue* preclusion, i.e., collateral estoppel.

action, against an adversary who was the defendant in the prior action" [emphasis sic] ).

{¶ 17} Ohio law has previously permitted the defensive use of claim preclusion to bar a subsequent suit involving the same legal theory of recovery as an earlier action. See *Grava*, 73 Ohio St.3d at 382, 653 N.E.2d 226. However, as we have established above, the use of offensive claim preclusion is generally disfavored, and we expressly adopt that position. Therefore, as further support for our conclusion that appellees cannot use claim preclusion because they are not in privity with the *Agostinelli* plaintiffs, we recognize that appellees' effort to use claim preclusion must fail because they are attempting to use it offensively, when their situation is not one in which an exception should be recognized to the general rule that offensive claim preclusion is not favored.

{¶ 18} Applying the law to this case, we determine that plaintiffs who are strangers to a previous judgment may not use claim preclusion offensively to prevent a defendant common to both suits from raising defenses not raised in the prior action. In this situation, the lack of privity makes the use of offensive claim preclusion doubly suspect.

### The Wait-and-See Factor

{¶ 19} Yet another consideration illustrates the questionable nature of the reasoning employed by the court of appeals and of the arguments raised by appellees.

{¶ 20} In *Parklane Hosiery Co., Inc. v. Shore* (1979), 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552, the United States Supreme Court rejected a per se rule against the offensive use of issue preclusion, stating: "The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where * * * the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." The Supreme Court found that such a rule would prevent unfairness to the defendant and encourage judicial economy by requiring parties who could easily have joined the initial lawsuit to do so rather than to "wait and see" the outcome of the original lawsuit. Id. at 329–330, 99 S.Ct. 645, 58 L.Ed.2d 552. *Parklane*, however, discussed the wait-and-see factor only in terms of issue preclusion.

{¶ 21} The Seventh District rejected DeBartolo's argument that appellees were barred from relying on issue preclusion to establish their case because they had taken a wait-and-see approach to the *Agostinelli* lawsuit. The lower court stated that the wait-and-see approach was a valid trial tactic and that DeBartolo was not surprised by the existence of additional claimants. *O'Nesti*, 163 Ohio App.3d 609, 2005-Ohio-5056, 839 N.E.2d 943, at ¶ 28. DeBartolo urges this court to hold that the claims of O'Nesti and Zionts should be barred because they could easily have joined the *Agostinelli* suit.

{¶ 22} As noted above, *Parklane* limited the use of offensive issue preclusion to situations in which it would not discourage judicial economy and would prevent unfairness. 439 U.S. at 329–330, 99 S.Ct. 645, 58 L.Ed.2d 552. The use of offensive estoppel encourages potential plaintiffs to wait and see whether the outcome will be in their favor while not running the risk of being bound by an adverse judgment. *Am. Family Mut. Ins. Co. v. Savickas* (2000), 193 Ill.2d 378, 390, 250 Ill.Dec. 682, 739 N.E.2d 445. A plaintiff could then either use the outcome to bar the defendant from relitigating an issue or demand relitigation of an identical issue because the plaintiff was not a party to or in privity with the plaintiff in the original lawsuit. See id. Application of offensive issue preclusion would therefore encourage multiple lawsuits over the same issue if a plaintiff chose not to join the previous lawsuit, and would require relitigation of an issue at the expense of the defendant, a rather unfair prospect when the plaintiff could easily have joined the initial lawsuit.

{¶ 23} Although the wait-and-see approach may aid in the discussion of issue preclusion, it does not help in the discussion of offensive claim preclusion. Allowing a party to sit on the sidelines and await the outcome of an original lawsuit may encourage multiple lawsuits, but those suits would remain streamlined and the defendant would maintain his due process rights to fully and fairly litigate parts of the claim not previously litigated. If the original plaintiff succeeds, the later plaintiff may use the outcome if issue preclusion applies. But the defendant never expended the time or money necessary to present certain defenses, and so there is no unfairness in asking the defendant to present those defenses during a second suit. Rather, it would be unfair to require a defendant in the original suit to raise every conceivable defense that might possibly apply to future related claims even if those defenses have limited or no applicability to the original plaintiffs.

{¶ 24} Claim preclusion encourages judicial economy, without use of the wait-and-see factor. If an individual is in privity with a plaintiff from an earlier lawsuit, he must either join the lawsuit or be bound through res judicata. *Grava*, 73 Ohio St.3d 379, 653 N.E.2d 226. If privity does not exist, the subsequent lawsuit proceeds without reference to the earlier action, and the defendant may raise all of the defenses applicable to him. We determine that analysis of the wait-and-see factor, which is used in resolving whether issue preclusion is applicable, is not applicable to a situation involving claim preclusion. The fact that appellees waited to press their claims until the *Agostinelli* plaintiffs were successful is a further reason to support application of a strict privity analysis to their situation, but beyond that consideration, the wait-and-see analysis has no application to this case.

### Conclusion

{¶ 25} We hold that O'Nesti and Zionts have presented no evidence showing that they are in privity with the *Agostinelli* plaintiffs. Even if they had presented such evidence, plaintiffs who are strangers to an earlier lawsuit may not use offensive claim preclusion to prevent a defendant from raising additional defenses not previously litigated. Further, the wait-and-see analysis is not applicable to claim preclusion. We reverse the judgment of the Seventh District Court of Appeals and remand the cause to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., SHAW, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., concurs separately.

STEPHEN R. SHAW, J., of the Third Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

**PFEIFER, J., concurring.**

{¶ 26} I concur in the syllabus and in the judgment. I write separately because the majority opinion's discussion of offensive claim preclusion and the wait-and-see factor is dicta, and it is unnecessary and unwise to address those issues at this time.

---

Timothy A. Shimko & Associates Co., L.P.A., Timothy A. Shimko, and David A. Welling, for appellees.

Squire, Sanders & Dempsey, L.L.P., Thomas S. Kilbane, Robin G. Weaver, and Steven A. Delchin, for appellants.