OPINION *Page 3 
{¶ 1} Plaintiffs-Appellants, Timothy and April Edmond, appeal the decision of the Licking County Municipal Court to grant the motion of Defendant-Appellee, Trio Investment Group, LLC, to dismiss Appellants' complaint.[1]
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On June 21, 2007, Appellee filed a complaint for forcible entry and detainer against Appellants in the Licking County Municipal Court. See, Case No. 07CVG01724. Appellee requested restitution of the premises located at 175 Neal Avenue Rear, Newark, Ohio, and for damages pursuant to the lease. Appellants filed an answer and counterclaim on July 5, 2007.
 {¶ 3} On July 6, 2007, the parties appeared in court at which it was determined Appellants had vacated the premises and returned the keys to Appellee. On July 31, 2007, the parties filed a "Notice of Voluntary Dismissal of All Claims with Prejudice by Stipulation of the Parties." The stipulation, signed individually by Appellants and by counsel for Appellee, states,
 {¶ 4} "Now comes all the parties hereto, pursuant to Civil Rule 41(A)(1)(b), who stipulate and give notice to the Court of dismissal with prejudice of any and all claims that each party has or may have against the other arising out of the above cause of action. Costs to Plaintiff. IT IS SO AGREED AND STIPULATED."
 {¶ 5} On December 5, 2007, Appellants filed a pro se complaint against Appellee for damages arising out of Columbia Gas service charged to Appellants for *Page 4 
utility service at 175 Neal Avenue Rear, Newark. See, Case No. 07CVF03312. In their complaint, Appellants stated that they notified Appellee at court on July 6, 2007 that Columbia Gas was scheduled to terminate gas services to the rental unit on July 10, 2007. Appellants then received a notice from Columbia Gas dated July 20, 2007 that stated that Appellants request to have the gas turned off and final bill computed for the rental unit was not completed because Columbia Gas could not gain access to the premises. The notice further stated that Appellants would be billed for all gas consumed until the disconnect order was completed. Appellants alleged in their complaint they gave the letter to Appellee's representative.
 {¶ 6} On October 9, 2007, Columbia Gas sent Appellants a Termination Notice for gas service to the rental unit for non-payment of the bill. Appellants stated in their complaint they contacted the Appellee and were told to direct their questions to counsel for Appellee. Appellants alleged they corresponded with counsel for Appellee in an attempt to gain access to the rental unit so that Columbia Gas could shut off the gas and compute the final bill. Appellants filed a police report with the Newark Police Department on October 29, 2007. According to the police report attached to Appellants' complaint, the police contacted a representative of Appellee who stated that it was Appellants' responsibility to change the gas service and that a new tenant had recently moved into the rental unit.
 {¶ 7} Appellants received a final bill from Columbia Gas on November 11, 2007 in the amount of $418.73 for service from July 2007 to November 2007. Appellants filed the within complaint demanding money damages based upon the Columbia Gas matter after failing to reach a private resolution of the issues with counsel for Appellee. *Page 5 
 {¶ 8} Appellee filed a Motion to Dismiss Complaint on December 28, 2007. In its motion, Appellee argued Appellants' complaint should be dismissed pursuant to Civ. R. 12(B) for (1) lack of jurisdiction over the Defendants; (2) failure to state a claim upon which relief can be granted; (3) res judicata; (4) waiver; (5) failure to join a party under Civ. R. 19; and (6) failure to comply with requirements of Civ. R. 11.
 {¶ 9} On January 10, 2008, the trial court granted Appellee's Motion to Dismiss. The trial court granted Appellee's motion based on the stipulation filed on July 31, 2007 in Case No. 07CVG01724. In its judgment entry, the trial court held,
 {¶ 10} "In that Agreed Entry, Plaintiffs * * * agreed to dismiss with prejudice any and all claims that they may have had against Trio Investment Group, LLC. Since the Plaintiffs' Complaint in the instant case involves identical issues raised in Case No. 07CVG01724, the Court cannot consider them again after the parties have agreed to dismiss with prejudice any claims they may have against each other in the previous case."
 {¶ 11} Appellants now appeal the trial court's decision. In their brief, Appellants do not raise a specific Assignment of Error but generally argue the trial court erred in granting Appellee's motion to dismiss. Upon review of the issues raised in Appellant's brief, we agree.
 {¶ 12} Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept *Page 6 
all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v.Faber (1991), 57 Ohio St .3d 56.
 {¶ 13} Appellee argued in its motion to dismiss that Appellants' complaint was barred by the doctrines of res judicata and waiver based upon the stipulation filed on July 31, 2007. It was Appellee's contention that any claims based upon utility services paid for or consumed on the premises were disposed and dismissed by the stipulation of July 31, 2007. Any claim Appellants might have had against Appellee would be considered a compulsory counterclaim and should have been raised in the underlying forcible entry and detainer action. Appellee raises the matter of claim preclusion. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. O'Nesti v. DeBartolo Realty Corp., 113 Ohio St.3d 59,2007-Ohio-1102, 862 N.E.2d 803, ¶ 6 citing Fort Frye Teachers Assn.,OEA/NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 395,692 N.E.2d 140. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter.O'Nesti, supra citing Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382, 653 N.E.2d 226.
 {¶ 14} Reviewing the factual allegations in the Appellants' complaint as true and drawing all reasonable inferences in favor of Appellants, we find the doctrines of res judicata and waiver to be inapplicable to Appellants' subsequent complaint for damages because the events complained of occurred after the entry of the July 31, 2007 stipulation. Contrary to the trial court's findings, the issues raised in Case No. 07CVF03312, the underlying action to this appeal, are not identical to the issues in *Page 7 
Case No. 07CVG01724. Case No. 07CVG01724 was a forcible entry and detainer action to allow Appellee to regain possession of the rental premises. A review of Appellants' complaint and attachments demonstrates the claim in the present matter involves damages incurred by Appellants based on Appellee's alleged failure to allow Columbia Gas access to the rental unit to complete the gas shut off process after Appellants' eviction from the rental unit. These events did not occur until after the termination of the forcible entry and detainer action and could not have been litigated in the previous suit.
 {¶ 15} We further hold this finding is not in contravention with the July 31, 2007 stipulation wherein the parties agreed that dismissal of the forcible entry and detainer action was a dismissal with prejudice of any and all claims that each party had or may have against the other arising out of that action. As opposed to the doctrine of claim preclusion stated above, the complaint filed by Appellants presents a separate cause of action arising out of events that occurred after the resolution of the forcible entry and detainer action.
 {¶ 16} Accordingly, Appellants' error is sustained. *Page 8 
 {¶ 17} The judgment of the Licking County Municipal Court is reversed, and the cause is remanded to the court further proceedings in accord with law and consistent with this opinion. By Delaney, J. Wise, P. J. and Edwards, J. concur.
 Patricia A. Delaney, John W. Wise, Julie A. Edwards, concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is reversed, and the cause remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to Appellees.
[1] Appellants also named Rock Van Wey, Mark Shelly and Ronald J. Edwards as Defendants in Appellants' underlying complaint. In a subsequent motion with the trial court, Appellants removed these individuals from their complaint. These defendants have not appeared in the present action before this Court. *Page 1