OPINION
{¶ 1} On October 18, 2005, Mark and Gina Wellman ("appellants"), filed a lawsuit against the Salt Creek Valley Bank and its president, Bruce W. Fout. The lawsuit alleged fraud, a claim titled "Intentional Tort Of Clogging Plaintiffs' Right To Cure Default," a claim titled "Intentional Tort Designed To Willfully Cause Plaintiffs Financial Damage," a claim titled "Intentional Tort Of Clogging Plaintiffs' Right To Redemption," a claim titled "Intentional Tort Of Defendants Refusing To Furnish Plaintiffs Their Loan History," and "An Abuse Of Process Claim." *Page 2 
 {¶ 2} The named appellees filed a motion to dismiss the lawsuit based upon the extensive litigation history of the parties involving the same or similar issues. The motion was sustained.
 {¶ 3} Appellants appealed the dismissal and a panel of this court reversed because the trial court relied upon issues related to jurisdictional priority. The case was remanded to the trial court for further proceedings.
 {¶ 4} The trial court placed the case on inactive status because appellants filed a bankruptcy petition. Eventually, the case was reinstated and portions of the motion to dismiss the case filed on behalf of appellees were converted to a motion for summary judgment because the motion raised issues outside of the four corners of the complaint.
 {¶ 5} Appellants responded with an amended complaint which added a seventh claim entitled "Fraud and Forgery." In response, the named appellees amended their motion to dismiss. Counsel for appellants replied with a memorandum. After a reply memorandum from counsel for appellees, the trial judge assigned to the case granted summary judgment as to all claims.
 {¶ 6} Appellants have again appealed, assigning four errors for our consideration:
 [I.] The Trial Court erred in dismissing Plaintiffs-Appellants' Amended Complaint since all the claims alleged therein were new claims not included in any prior litigation, because they were either not in existence or not known to Plaintiffs-Appellants during the foreclosure suit.
 [II.] The Trial Court erred in dismissing Plaintiffs-Appellants' Amended Complaint in the following particulars, to wit:
 a. The Trial Court did not follow Civ. R. 56 when setting a time certain for both parties to simultaneously file anything relevant to their respective positions. *Page 3 
 b. The Trial Court set an unreasonably short time frame for such filing, which fails to follow the well-established standard prescribed in Civ. R. 56.
 c. The Trial Court failed to apply the Civ. R. 56 standard correctly.
 d. Plaintiffs-Appellants' Amended Complaint was verified, plus supported by Affidavits of Mark R. Wellman and Roy H. Huffer.
 [III.] The Trial Court erred in dismissing Plaintiffs-Appellants' Amended Complaint against individual Defendant-Appellee, Fout, because he was never individually a party to any prior proceeding.
 [IV.] The Trial Court erred in dismissing the newly added Seventh Claim on bare allegations when this cause of action recently arose on March 8, 2007
 {¶ 7} The first assignment of error alleges that the trial court should not have granted summary judgment because all seven claims in the amended complaint were "new" claims. This allegation is simply not true. Everything alleged in the amended complaint as to the Salt Creek Valley Bank had been either presented in common pleas court in Pickaway County or presented to a bankruptcy court during one or more of the numerous filings in bankruptcy. As to the bank, everything had been resolved in its favor and hence was a matter of res judicata. Any actions attributable to Bruce W. Fout, the bank's president, were actions he took in his role as president of the bank, so the doctrine of res judicata and issue preclusion or collateral estoppel bar the relitigation of the claims on the merits. O'Nesti v. DeBartolo RealtyCorp., 113 Ohio St.3d 59, 2007-Ohio-1102 at ¶ 6-7.
 {¶ 8} The first assignment of error is overruled. *Page 4 
 {¶ 9} The second assignment of error alleges the trial court "erred in dismissing" the amended complaint. Technically, the trial court granted summary judgment as to the seven claims. The trial court followed the local rules of procedure and even allowed additional time for responses from the parties as to the pertinent issues. Loc. R. 21 of the Franklin County Court of Common Pleas, General Division. Counsel for the parties did not request more time, so the issues were properly addressed by the trial judge months after the motion was submitted as a motion for summary judgment. The trial court carefully followed the requirements of Civ. R. 56. The affidavits and verification of the complaint did not make the trial court's granting of summary judgment inappropriate. There were no genuine issues as to material facts. The official court documents spoke for themselves.
 {¶ 10} The second assignment of error is overruled.
 {¶ 11} In the third assignment of error, appellants allege that Fout was not individually a party to any prior proceeding.
 {¶ 12} Issue preclusion and collateral estoppel are not dependent upon a complete identity of parties. Ft. Frye Teachers Assn., OEA/NEA v.State Emp. Relations Bd., 81 Ohio St.3d 392, 396, 1998-Ohio-435. Therefore, the fact that Fout was not individually named in the prior litigation did not prevent the trial court from granting summary judgment on his behalf for the six claims.
 {¶ 13} The third assignment of error is overruled.
 {¶ 14} In the fourth assignment of error, we must construe the evidence in the light most favorable to appellants, and after doing so, there simply was no evidence that the bank or Fout created a fraudulent account in the name of appellants. *Page 5 
 {¶ 15} The fourth assignment of error is overruled.
 {¶ 16} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and CONNOR, JJ., concur. *Page 1